

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-21-2008

# Johnson v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4706

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Johnson v. USA" (2008). *2008 Decisions.* Paper 1547.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1547

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**ALD-128**                                                                                           **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4706
_____

HAKIEM JOHNSON,

Appellant

v.

UNITED STATES OF AMERICA

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 07-cv-03672)
District Judge:  Honorable R. Barclay Surrick

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 14, 2008

Before:  SLOVITER, FISHER and HARDIMAN, Circuit Judges.

(Filed: February 21, 2008)
_____

OPINION
_____

PER CURIAM

    Hakiem Johnson appeals, pro se, from the District Court's denial of his habeas

corpus petition.  We will summarily affirm.  See LAR 27.4; I.O.P. 10.6.

## I.

Johnson is a defendant in a complex criminal case currently pending before the District Court. (See United States v. Coles, et al., E.D. Pa. Crim. No. 04-cr-00440.) He is represented by court-appointed counsel. It appears that the indictments charged Johnson and twenty-one co-defendants with numerous offenses related to an alleged drug conspiracy. The District Court has conducted suppression hearings in the criminal case, and Johnson's jury trial is currently scheduled to begin in April 2008.

On August 31, 2007, Johnson filed a pro se petition pursuant to 28 U.S.C. § 2241. He requested the dismissal of the indictment against him and his release from pre-trial custody on such grounds as prosecutorial misconduct and perjury by police officers and federal agents with respect to a search warrant's affidavit of probable cause. Johnson also filed a motion to amend his habeas petition, in which he reiterated his allegations regarding the affidavit and also referred to alleged violations of his rights under the Speedy Trial Act and the Double Jeopardy Clause. On November 8, 2007, the District Court denied Johnson's petition as frivolous.

## II.

The District Court committed no error in denying Johnson's pre-trial habeas petition.[1] We find that Johnson's claims of misconduct and perjury failed to implicate the legality of his pre-trial custody for purposes of § 2241. As opposed to challenging the

---

[1] We have jurisdiction under 28 U.S.C. § 1291.

validity of the detention order authorizing his incarceration pending the outcome of his criminal trial, Johnson in essence raised Fourth Amendment issues, which are generally addressed in the context of motions to suppress. Johnson apparently attempted to construct the following chain connecting the Fourth Amendment issues with his current custody: (1) the affidavit of probable cause contained lies and misrepresentations (which have been reiterated during the course of the criminal case); (2) the search warrant was issued based on the affidavit; (3) the search resulted in his arrest; and (4) his arrest led to his current incarceration and prosecution. Similarly, he argued that "he is not in custody pursuant to an act of congress [but pursuant] to an act of perjury committed by the [Assistant United States Attorney] and [law enforcement personnel]." (Mem. of Law at 2.) Nevertheless, his conclusory assertions are insufficient to establish the necessary nexus between the alleged misconduct and the legality of his current custody. See Brown v. Lundgren, 528 F.2d 1050, 1054 (5th Cir. 1976) ("There must be a sufficient nexus between the allegedly [illegal] action and the legality of his custody for habeas corpus to lie.").

Furthermore, Johnson is a represented defendant in a current criminal case. A criminal defendant would generally be expected to raise Fourth Amendment, speedy trial, and double jeopardy claims in a counseled motion in the criminal case itself. As the District Court noted, suppression hearings have been held in Johnson's criminal case. Furthermore, Johnson himself is represented by counsel. Cf. United States v. Essig, 10

3

F.3d 968, 973 (3d Cir. 1993) (stating that district court has no obligation to act on pro se filings by party represented by counsel). Johnson's case is scheduled to be heard by a jury, which will render a decision as to whether he is guilty or not guilty of the charges against him. If found guilty, Johnson will then have an opportunity to file a direct appeal to this Court from his conviction and sentence. He then may file a post-conviction motion under 28 U.S.C. § 2255 if his direct appeal is unsuccessful.

III.

For the foregoing reasons, Johnson's appeal fails to present a substantial question on appeal, and we will summarily affirm the District Court's order. See LAR 27.4; I.O.P. 10.6.